UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| BONNIE S. TERRAL | * | CIVIL ACTION NO.: |
| Plaintiff | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | JUDGE: |
| NAVIGATORS SPECIALTY | * | |
| INSURANCE COMPANY, | * | |
| ALBRITTON FARMS, INC., PHAT | * | |
| DADDY TRANSPORT, INC. and. | * | |
| HOLLEY OBANNON | * | MAGISTRATE |
| Defendants | * | |

*************************************************************************

# NOTICE OF REMOVAL

TO:   Clerk of Court
United States District Court
Western District of Louisiana
Lake Charles Division
800 Lafayette St., Suite 2100
Lafayette, LA 70501

Defendants, Navigators Specialty Insurance Company, Albritton Farms, Inc., Phatt Daddy Transport, Inc. and Holley OBannon, by and through undersigned counsel, hereby gives notice of the removal of this action from the 31st Judicial District Court, Parish of Jefferson Davis, State of Louisiana, to the United States District Court for the Western District of Louisiana – Lake Charles Division. In support of the Notice of Removal, Defendants state as follows:

1.

The above-titled case was originally filed on October 29, 2021 in the 31st Judicial District Court, Parish of Jefferson Davis, State of Louisiana, as docket number C-624-21[1]

---

[1] See Exhibit No.1 Petition for Damages.

2.

In the Petition for Damages, plaintiff, Bonnie Terral, alleges that she suffered personal injuries and damages on October 29, 2021, when Holley OBannon was operating a 2017 Kentworth tractor while in the course and scope of her employment of and/or for the benefit of Albritton Farms, Inc. and Phat Daddy Transport, Inc. when she merged into the plaintiff's lane of travel while traveling westbound on I-10 in Jefferson Davis Parish, striking the plaintiff's vehicle. Additionally, plaintiff alleges that the 2017 Kentworth tractor was insured by Navigators Specialty Insurance Company. [2]

3.

A copy of the Petition for Damages was served on defendant, Navigators Specialty Insurance Company, on November 8, 2021, via the Louisiana Secretary of State.[3]

4.

Service of a copy of the Petition for Damages was requested on defendant, Albritton Farms, Inc., with the filing of the Petition, but no affidavit of service has been filed in the state court record to date.

5.

Service of a copy of the Petition for Damages was requested on defendant, Phatt Daddy Transport, Inc., with the filing of the Petition, but no affidavit of service has been filed in the state court record to date.

6.

---

[2] Id.
[3] See Exhibit No. 2, Service copy of Citation.

Service of a copy of the Petition for Damages was requested on defendant, Holley OBannon, with the filing of the Petition, but no affidavit of service has been filed in the state court record to date.

7.

The United States District Court for the Western District of Louisiana – Lake Charles Division is the court embracing the venue wherein this action is pending in state court.

8.

With respect to Bonnie S. Terral's alleged damages, the plaintiff specifically pleads that she has suffered "… past and future mental and physical injury, permanent disability, loss of enjoyment of life, past and future medical expenses, loss of wages, impairment of earning capacity, and such other damages …." Defendants served Requests for Admission of Facts on the plaintiff requesting that she admit that her damages do not exceed the sum $75,000 exclusive of interest and costs, which she DENIED in her response received by defendants on January 5, 2022.[4]

9.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332, 1441, and 1446.

## I. DIVERSITY OF CITIZENSHIP

10.

This action is properly removed to this Court pursuant to 28 U.S.C. 1332 and 1441, in that the plaintiff is of diverse citizenship from all defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11.

---

[4] See Exhibit "1" Petition for Damages at ¶ 12 and Exhibit "3" - Plaintiff's Response to Request for Admission and correspondence showing receipt by defendants' counsel 01/05/22.

At the time of the filing of the Petition for Damages, plaintiff was a resident of and domiciled in the State of Texas.[5]

12.

At the time of the filing of the Petition for Damages, defendant, Navigators Specialty Insurance Company, was a New York corporation with its principal place of business in Stamford, Connecticut (County of Fairfield).

13.

At the time of the filing of the Petition for Damages, defendant, Albritton Farms, Inc., was a Florida corporation with its principle place of business at 3820 Peanut Road, Cottondale, Florida 32431 (County of Jackson).

14.

At the time of the filing of the Petition for Damages, defendant, Phatt Daddy Transport, Inc., was an Alabama corporation with its principle place of business at 6330 East Highway 52, Webb, Alabama 36376 (County of Houston).

15.

At the time of the filing of the Petition for Damages, defendant Holley OBannon's residence and domicile was at 104 Woodleigh #4 Road, Dothan, Alabama (County of Houston).

16.

There is complete diversity of citizenship. Plaintiff is a Texas citizen. All Defendants are domiciled and/or have their principal place of business in states other than Louisiana and consent to the removal of the proceeding, and will all be represented by undersigned counsel when served.

---

[5] See Exhibit "1", Petition for Damages, introductory paragraph.

## II. AMOUNT IN CONTROVERSY

17.

The Petition is silent as to the total amount in controversy. Therefore, the removing party must "establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Grant v. Chevron Phillips Chem. Co. L.P., 309 F.3d 864, 868 (5th Cir. 2002), cert denied, 538 U.S. 945 (2003). The removing parties here, can meet this burden by setting forth facts in controversy demonstrating that the amount in controversy exceeds $75,000. Id.; see also St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1254-54 (5th Cir. 1998).

18.

Here, based on the Petition for Damages, it is apparent that the amount in controversy exceeds $75,000.

19.

Plaintiff has pled that she sustained "… past and future mental and physical injury, permanent disability, loss of enjoyment of life, past and future medical expenses, loss of wages, impairment of earning capacity, and such other damages …."."[6]

20.

Plaintiff has also denied in her response to the defendants' Request for Admission of Fact that her alleged damages sustained in the accident at issue exceed the sum of $75,000, exclusive of interest and costs.[7]

21.

---

[6] See Exhibit "1," Petition for Damages at ¶ 12.
10 Exhibit "3" Plaintiff's Response to Request for Admission.

The fact that plaintiff is seeking more than the minimum amount in controversy requirement for this court's jurisdiction is also apparent from the plaintiffs' petition which failed to allege she was seeking less than $75,000. While it is generally true under Louisiana law that a plaintiff may not allege a specific amount of damages, an important exception to that rule exists. The Louisiana Code of Civil Procedure specifically states that:

> The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, **the lack of jurisdiction of federal courts due to insufficiency of damages**, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.

La. Code Civ. P. Art 893 A (1) (emphasis added). Thus, if the amount of plaintiffs' alleged damages were in fact less than $75,000, plaintiff was **required** by the Louisiana Code of Civil Procedure to allege that fact. Sweeney v. Petco, 2009 WL 4019755 (E.D. La. Nov. 19, 2009).

22.

Additionally, plaintiffs did not in fact allege the damages were less than $75,000. Based on plaintiffs' failure to allege that they were seeking less than $75,000, demonstrate plaintiffs' belief that the amount in controversy exceeds $75,000. See also George v. Dolgencorp. Inc., 2008 U.S. Dist. LEXIS 1563 at *1-2 (W.D. La. Jan. 9, 2008) (noting that the failure of plaintiff to allege it was seeking less than $75,000 in Louisiana state court petition is "one piece of evidence for the Court to consider" in determining whether the amount in controversy requirement is met).

23.

Based on the petition for damages, it is apparent that the amount in controversy exceeds $75,000.

### III. REMOVAL IS TIMELY

24.

Suit was filed on October 29, 2021 and Defendants were served on the dates set forth above. Defendant's received the plaintiff's response to Request for Admission of Fact denying that her damages were less than $75,000. Accordingly, this removal is in accordance with 28 U.S.C. § 1446(a) and/or 1146(b)(1) and/or 1446(b)(3).

25.

Defendant, EMC, asserts that this Honorable Court has original jurisdiction over the aforementioned lawsuit pursuant to 28 U.S.C. §1332, in that the plaintiff is diverse in citizenship from the defendants named in the Petition for Damages and the amount in controversy is in excess of $75,000.

26.

Defendant is entitled to remove this case to this Honorable Court for disposition pursuant to the removal provisions of 28 U.S.C. §1441.

27.

Pursuant to 28 U.S.C. § 1446(d), plaintiffs are being provided with a copy of this Notice of Removal, and a copy of this Notice of Removal is being filed with the Clerk of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

28.

Attached hereto is a copy of the Petition for Damages filed in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana., as well as all pleadings and documents filed in the record to date.[8]

29.

---

[8] See Exhibit No. 4, State Court Record.

Consistent with the provisions of 28 U.S.C. §1446(d), no further proceedings shall be had in this matter in the 31st Judicial District Court, Parish of Jefferson Davis, State of Louisiana.

30.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel hereby certifies that he has read the forgoing Notice of Removal and that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law, and it is not interposed for any improper purpose.

31.

By filing this Notice of Removal, defendants, do not waive and hereby reserve all defenses and objections to the Petition for Damages.

**WHEREFORE**, defendants, Navigators Specialty Insurance Company, Albritton Farms, Inc., Phatt Daddy Transport, Inc. and Holley OBannon pray that the lawsuit entitled, *Bonnie S. Terral vs. Navigators Specialty Insurance Co., Albritton Farms, Phat Daddy Transport, Inc. and Holley OBannon,* now pending in the 31st Judicial District Court, Parish of Jefferson Davis, State of Louisiana, and bearing docket number C624-21 be removed to this, the United States District Court for the Western District of Louisiana – Lake Charles Division, and for all just and equitable relief as allowed by law.

Respectfully submitted,
**LAW OFFICES OF JULIE E. VAICIUS**
Employees of a Subsidiary of The Hartford
Financial Services Group, Inc.

/s/ Daniel R. Atkinson, Jr.
DANIEL R. ATKINSON, JR. (#18103)
3900 N. Causeway Blvd., Suite 1040
Metairie, Louisiana 70002
Telephone:  504-836-2787
Facsimile:   877-369-4892
daniel.atkinson@thehartford.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of January, 2022, a copy of the foregoing Notice of Removal of Civil Action was transmitted via electronic mail and sent electronically to all counsel.

/s/ Daniel R. Atkinson, Jr.
DANIEL R. ATKINSON, JR.